68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James TRUTTMAN, Defendant-Appellant.
 No. 94-10352.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided Oct. 16, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Truttman appeals his misdemeanor conviction for violation of 36 C.F.R. Sec. 261.3(a), which prohibits threatening, resisting, intimidating, or interfering with a Forest Service officer performing official duties. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Truttman's conviction arose from his confrontation with Forest Service Enforcement Officer Richard Coots, who cited Truttman for hunting in a closed area of the Klamath National Forest on November 23, 1992. Although the complaint omitted the term "interfering," it cited the regulation and specifically charged him with threatening, resisting and intimidating. The government brought the omission to the court's attention following its opening statement, and defense counsel did not object. Both parties, in presentation of evidence and argument, tried the case on a theory of interference. This had the effect of amending the complaint. Truttman concedes that he is barred from challenging on appeal the complaint as amended.[1]
 
 
 4
 We find the evidence was sufficient to support the fact finder's conviction of Truttman.[2] There is no merit to Truttman's claim that the regulation on its face or as applied violates the First Amendment. See United States v. Brice, 926 F.2d 925, 930-31 (9th Cir. 1991) (rejecting constitutional challenge to federal regulation that prohibits activity that "impedes or disrupts" performance of official duties by government employees); Houston v. Hill, 482 U.S. 451, 462-463 n.11 (noting that person may be punished for speech that has affect on officer's conduct of his duties).
 
 The district court's judgment is
 
 5
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 6
 I would reverse. I do not believe that there is any theory of the evidence and charges that survives both a sufficiency and constitutional challenge.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellant states as follows: "At no point during the trial did Mr. Truttman object to the government's untimely attempt to add the element of interfering to the charging document. In fact, during closing argument, Mr. Truttman's trial counsel specifically addressed this portion of the statute. Therefore, though the prosecution improperly amended the complaint, Mr. Truttman is now precluded from challenging the propriety of the original charging document." Blue Brief, p. 5, n.4
 
 
 [2]
 At oral argument, Truttman's counsel revealed that she had just discovered the night before that she had no transcript of most of the defendant's case. Because Truttman has made no motion to reconstruct the record, pursuant to Federal Rules of Appellate Procedural 10(c), or made a claim that Truttman is prejudiced, we have no reason to consider the effect of the missing transcript